IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| TIMOTHY DEWAYNE STRAW, | ) | |
| # 276212 | ) | |
| | ) | |
| Petitioner, | ) | CIVIL NO. 1:14-cv-589-WKW |
| | ) | (WO) |
| v. | ) | |
| | ) | |
| WILLIE THOMAS, Warden, et al., | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION AND PROCEDURAL HISTORY**

Petitioner Timothy D. Straw ("Straw"), an inmate of the Alabama Department of Corrections, filed this action for habeas corpus relief pursuant to 28 U.S.C. § 2254, challenging his convictions for first-degree assault and first-degree theft in the Circuit Court for Coffee County, Alabama. Doc. No. 8.

Straw pleaded guilty to the crimes pursuant to an agreement with the prosecution to serve a term of not greater than 20 years in prison on the assault charge, concurrent with a term of 2 years on the theft charge, and the prosecution agreed to recommend a sentence of 15 years in prison on the assault charge if Straw gave the location of the vehicle taken in the theft. Doc. No. 8-4 at 40, 80. In response, Straw had the vehicle towed to the courthouse to comply with the agreement, but at sentencing the judge refused to accept the agreement to a prison term of 15 years and instead stated his intention to sentence Straw to 20 years in prison on the assault charge. Doc. No. 8-4 at

80-81; Doc. No. 8-5 at 94. The judge gave Straw the opportunity to withdraw his plea, which would have reinstated the original charges of attempted murder and first-degree theft. Doc. No. 8-4 at 81-82. Straw declined to withdraw his plea, and he was sentenced to 20 years in prison for assault concurrent with 2 years in prison for theft. Doc. No. 8-4 at 15-20, 83-85.

Straw appealed to the Alabama Court of Criminal Appeals, but then he moved to dismiss the appeal, stating he did not want to withdraw his guilty plea. Doc. No. 8-1 at 2. The Alabama Court of Criminal Appeals granted the request to dismiss the appeal and issued judgment on February 14, 2011. Doc. No. 8-2.

Straw petitioned for postconviction relief pursuant to Alabama Rule of Criminal Procedure 32, arguing that counsel performed ineffectively and that his plea was involuntary. Doc. No. 8-4 at 22. The Circuit Court dismissed the petition, rejecting both of Straw's claims. Doc. No. 1-1 at 2-5; Doc. No. 8-5 at 40-44. Straw appealed,[1] and the Alabama Court of Criminal Appeals affirmed the denial of relief. Doc. No. 1-1 at 7-13; Doc. No. 8-9. Straw unsuccessfully petitioned for certiorari to the Alabama Supreme Court, and a certificate of judgment issued on May 16, 2014. Doc. Nos. 8-10, 8-11, 8-12.

---

[1] Straw briefed the following issues in his postconviction appeal: (1) "Whether the trial court abused its discretion in the denial of the petition for Rule 32 relief based on an erroneous interpretation of the law and facts presented," (2) "Whether the petitioner presented the trial court with a valid claim of an involuntary guilty plea, and ineffective assistance of trial counsel which entitled him to relief," (3) "Whether the petitioner presented the trial court with a valid claim that entitled him to have his terms of settlement agreement with the state enforced, without withdrawing his valid plea," and (4) "Whether the trial court was required to honor the terms of the settlement agreement in which it had accepted prior to the imposition of the sentence imposed upon the petitioner." Doc. No. 8-7 at 8 (punctuation altered).

## II. HABEAS PETITION

Straw raises the following four claims for federal habeas relief:

1. Straw claims that his guilty plea was involuntary. Doc. No. 1 at 5.
2. Straw claims that his trial counsel performed ineffectively by advising him to accept an agreement that the sentencing judge later rejected. Doc. No. 1 at 7.
3. Straw claims that the prosecution, the court, and his trial counsel misled Straw into an agreement that was forfeited, and that trial counsel failed to ensure the agreement was honored. Doc. No. 1 at 8.
4. Straw claims that there was improper judicial participation in the plea negotiations. Doc. No. 1 at 10.

Respondent admits the petition is timely and Straw adequately exhausted his federal claims for relief in state court before seeking relief in federal court. Doc. No. 8, at 11-12. The Court agrees. *See* 28 U.S.C. § 2244(d) (setting a one-year statute of limitations); 28 U.S.C. § 2254(b) (requiring exhaustion of available state remedies before filing § 2254 petition). Respondent argues that Straw provides no basis for § 2254 relief on the merits of his claims because the state court rulings are not contrary to, or an unreasonable application of, clearly established United States Supreme Court law, and the decisions were not the result of an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Doc. No. 8 at 12-17.

The Court entered an order advising Straw of the constraints that 28 U.S.C. § 2254(d)(1) places on federal courts to grant relief, and the Court granted Straw an opportunity to file a reply to Respondents' answer. Doc. No. 9. Straw filed a reply. Doc. No. 12. After reviewing the § 2254 petition, Respondents' answer, Straw's reply, the state court record, and applicable federal law, the Court concludes that no evidentiary

hearing is required, and the petition is due to be denied in accordance with the provisions of Rule 8(a), Rules Governing Section 2254 Cases in United States District Courts.

## III. STANDARD OF REVIEW

This federal court may consider a petition "for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Consequently, the Court has authority to grant habeas relief for errors of federal law only, not state law. *Id.*; *see also Ferguson v. Secretary, Dept. Corrections*, 580 F.3d 1183, 1211-12 (11th Cir. 2009) (holding that claim involving solely state law issues could not serve as the basis for a federal habeas claim).

For claims properly before the court, a writ of habeas corpus shall be granted only if the prior adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  Congress, through passage of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002).

4

The United States Supreme Court has held that a state court decision is "contrary to" federal law "if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts." *Id*. at 694 (citing *Williams v. Taylor*, 529 U.S. 362, 404-06 (2000)).  Under the "unreasonable application" standard, this Court may grant a writ only if the state court identified the correct governing federal legal principle but applied that principle to the facts of a petitioner's case in an objectively unreasonable way. *See Williams*, 529 U.S. at 411-13 (O'Connor, J., delivering the opinion of the Court with respect to Part II). "Objectively unreasonable" means something more than an "erroneous" or "incorrect" application of clearly established law, and a reviewing federal court may not substitute its judgment for the state court's even if the federal court, in its own independent judgment, disagrees with the state court's decision. *See id*. at 411; *see also Lockyer v. Andrade*, 538 U.S. 63, 76 (2003).  "Clearly established federal law is *not* the law of the lower federal courts. Instead, in the habeas context, clearly established federal law 'refers to the holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state court decision.'" *Putman v. Head*, 268 F.3d 1223, 1241 (11th Cir. 2001) (emphasis in original, quoting *Williams*, 529 U.S. at 412) (footnote omitted). The reviewing court "must determine what arguments or theories supported or . . . could have supported[] the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this [Supreme] Court." *Harrington v. Richter*, 562 U.S. 86, 102 (2011) (alterations added). "In order to merit AEDPA

5

deference the state court need not expressly identify Supreme Court precedent, nor make a perfect statement of the applicable rule of law, nor provide a detailed opinion covering each aspect of the petitioner's argument." *Smith v. Sec'y, Dept. of Corr.*, 572 F.3d 1327, 1333 (11th Cir. 2009). "All that is required under § 2254(d)(1) is an adjudication on the merits, not a full state court opinion." *Parker v. Sec'y, Dept. of Corr.*, 331 F.3d 764, 776 (11th Cir. 2003). "[R]eview under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 180-81 (2011).

Federal habeas courts are likewise directed to determine whether the state court based its findings on "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). A state court's determinations of fact "shall be presumed to be correct," and the habeas petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). The federal court "may not characterize these state-court factual determinations as unreasonable 'merely because [we] would have reached a different conclusion in the first instance.'" *Brumfield v. Cain*, 135 S. Ct. 2269, 2277 (2015) (citation omitted). "If [r]easonable minds reviewing the record might disagree about the finding in question, on habeas review that does not suffice to supersede the trial court's . . . determination." *Id.* (quotation marks and citations omitted). The Supreme Court has recognized there is a question about the relationship between § 2254(d)(2)'s "unreasonable determination of the facts" standard and § 2254(e)(1)'s presumption, but it

has "not yet defined the precise relationship between [them.]" *Brumfield*, 135 S. Ct. at 2282 (quotation marks and citation omitted).

Except for certain kinds of error that require automatic reversal, even when a state petitioner's federal rights are violated "relief is appropriate only if the prosecution cannot demonstrate harmlessness." *Davis v. Ayala*, 135 S. Ct. 2187, 2197 (2015). "Harmlessness" in the context of § 2254 means "the federal court has grave doubt about whether a trial error of federal law had substantial and injurious effect or influence in determining the jury's verdict." *Id*. at 2197-98 (quotation marks and citation omitted). This standard, which is taken from *Brecht v. Abrahamson*, 507 U.S. 619 (1993), requires "more than a 'reasonable possibility' that the error was harmful." *Davis*, 135 S. Ct. at 2198 (quoting *Brecht*, 507 U.S. at 637); *cf. Chapman v. California*, 386 U.S. 18, 24 (1967) (standard for harmlessness on direct review from a state court to the U.S. Supreme Court is whether the error was "harmless beyond a reasonable doubt"). When a state court determines the harmlessness question, "the *Brecht* test subsumes the limitations imposed by AEDPA." *Davis*, 135 S. Ct. at 2199.

These strict limitations reflect that habeas relief is granted sparingly, reserved for "'extreme malfunctions in the state criminal justice systems'" and "not as a means of error correction." *Greene v. Fisher*, 132 S. Ct. 38, 43 (2011) (quoting *Harrington*, 562 U.S. at 102, further quotation marks and citation omitted). "The usual 'presumption that state courts know and follow the law' is even stronger in the AEDPA context because § 2254(d)'s 'highly deferential standard for evaluating state-court rulings . . . demands that state-court decisions be given the benefit of the doubt.'" *Allen v. Secretary, Florida Dept.*

7

*of Corr.*, 611 F.3d 740, 748 (11th Cir. 2010) (quoting *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (internal citation omitted)). As the Supreme Court has recently reminded courts, "[t]he state court decision must be 'so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Woods v. Etherton*, 136 S. Ct. 1149, 1151 (2016) (alteration added) (quoting *White v. Woodall*, 134 S. Ct. 1697, 1702 (2014) (further quotation marks omitted)). Put another way, "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable. . . . [Section 2254(d)] preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents. It goes no farther." *Harrington*, 562 U.S. at 102 (alteration added). Within this disciplined framework, the court addresses Straw's claims that are properly before the Court.

## IV. STRAW'S CLAIMS DO NOT WARRANT HABEAS RELIEF

Straw's arguments all center on his view that his sentence for first-degree assault should have been 15 years in prison instead of 20 years. Doc. No. 1 at 5-15. To that end, he argues his guilty plea was involuntary because he received a sentence greater than 15 years after disclosing the location of the vehicle, the court and the prosecution misled him, the court improperly injected itself into plea negotiations, and his counsel provided ineffective assistance. Doc. No. 1 at 5, 7, 8, 10. Like the Alabama courts, this Court addresses the ineffective assistance of counsel claims first.

### A. Applicable Law

To demonstrate a claim of ineffective assistance, a petitioner must show that counsel performed "below an objective standard of reasonableness," and that the petitioner was prejudiced by the deficiency. *See Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984). "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Id*. at 688. To establish prejudice under *Strickland*, a defendant must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. There is a strong presumption that counsel's performance was reasonable, and great deference is shown to choices dictated by reasonable trial strategy. *Id.* at 689-91. Any review of an ineffective assistance of counsel claim is conducted from the perspective of defense counsel based on facts "as they were known to counsel *at the time of the representation.*" *United States v. Teague*, 953 F.2d 1525, 1535 (11th Cir. 1992). The test used to evaluate claims of ineffective assistance of trial counsel applies equally to an analysis of claims of ineffective assistance of appellate counsel. *Jackson v. Dugger*, 931 F.2d 712, 715 (11th Cir. 1991). Appellate counsel cannot be deemed ineffective for failing to raise meritless claims on appeal. *Chandler v. Moore*, 240 F.3d 907, 917 (11th Cir. 2001). Because the state courts ruled on the merits of Straw's ineffective assistance of counsel claims, this federal court's § 2254 review under *Strickland* is another step removed from the original analysis, or as the Supreme Court puts it, "doubly deferential." *Burt v. Titlow*, 134 S. Ct. 10, 13 (2013) (quotation marks and citation omitted); *Tharpe v. Warden*, 834 F.3d 1323, 1338 (11th Cir. 2016).

A guilty plea "is the defendant's consent that judgment of conviction may be entered without a trial—a waiver of his right to trial before a jury or a judge. Waivers of constitutional rights not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences." *Brady v. United States*, 397 U.S. 742, 748 (1970) (footnote omitted). A guilty plea is valid if it "represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *North Carolina v. Alford*, 400 U.S. 25, 31 (1970). When a defendant chooses to plead guilty upon advice of counsel, "the voluntariness of the plea depends on whether counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.'" *Hill v. Lockhart*, 474 U.S. 52, 56 (1985) (quoting *McMann v. Richardson*, 397 U.S. 759, 771 (1970)). To show prejudice in the context of a guilty plea, a defendant must show by a probability sufficient to undermine confidence in the outcome of the proceeding that, "but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59 (footnote omitted). The Sixth Amendment right to counsel also extends to the plea-bargaining process. *Lafler v. Cooper*, 132 S. Ct. 1376, 1387 (2012) (holding defendant showed prejudice when, based on incorrect advice from counsel, he rejected a plea offer and was later convicted at trial and received a more severe outcome); *see id.* at 1389 ("determine whether the defendant has shown a reasonable probability that but for counsel's errors he would have accepted the plea"); *see also Missouri v. Frye*, 132 S. Ct. 1399, 1408 (2012) (holding attorney ineffective for failing to inform defendant of plea before offer expired).

## B. Ineffective Assistance of Counsel

Straw argues the Alabama state courts incorrectly found that counsel did not perform ineffectively. The Alabama Court of Criminal Appeals rejected Straw's ineffective assistance claim, concluding that the trial court's findings were supported by the record, and the trial court did not err in denying Straw postconviction relief. Doc. No. 1-1 at 9-11. The Court of Criminal Appeals quoted extensively from the trial court's findings, including the trial court's recognition that it conducted the colloquy both at Straw's plea and sentencing; that it had an opportunity to observe Straw and his counsel; that it was familiar with counsel's ability and performance as an attorney; that counsel testified she told Straw the plea settlement was only a recommendation and the court was not bound by it; that counsel met with Straw several times before entering his pleas; that counsel testified she advised Straw that his original attempted murder charge would be reinstated if he withdrew his plea; that counsel met with Straw after sentencing to discuss the ramifications of withdrawing his plea; that counsel met with Straw and discussed the appeal he filed; that Straw executed a document stating he did not want to withdraw his guilty plea or pursue an appeal of his convictions; that counsel filed the motion to dismiss the appeal, and it was dismissed; that counsel was granted her motion to withdraw as counsel; and that Straw wrote counsel in August 2011, stating he was happy with what she did and he would have been looking at 20 plus years without her help. Doc. No. 1-1 at 3-4, 10.

This court has reviewed the record and concludes that Straw has not rebutted by clear and convincing evidence the presumption of correctness given to the Alabama state

court determinations of fact. Thus, this court presumes those determinations of fact are correct. *See* 28 U.S.C. § 2254(e)(1). In addition, the state court rulings in Straw's case were not an unreasonable application of *Strickland* or any other federal law as determined by the United States Supreme Court, and the decisions were not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *See* 28 U.S.C. § 2254(d). The written plea agreement refers to a potential sentence of 20 years in prison. Doc. No. 8-4 at 40. During the guilty plea proceeding, Straw also agreed he could be sentenced up to 20 years in prison. Doc. No. 8-4 at 61. Straw met with counsel before his plea, and counsel advised Straw that the agreement to a sentence of 15 years was only a recommendation by the prosecutor that did not bind the trial court. Doc. No. 1-1 at 4; Doc. No. 8-6 at 13. Even if counsel failed to advise Straw that the agreement was not binding on the court, at the plea proceeding the court asked Straw if he understood that the agreement was not binding, and Straw said he understood:

> THE COURT: Do you understand that this Court has the final say so, as I said, with regard to your sentence, and I don't have to follow this recommended settlement agreement; but if I don't, I'll give you a chance to talk with your attorney and withdraw your guilty pleas? Do you under that?
> THE DEFENDANT: Yes, sir, I understand.

Doc. No. 8-4 at 66. When, at sentencing, the trial court opted not to accept the 15-year agreement as to the sentence, the court gave Straw a chance to withdraw his plea. Doc. No. 8-4 at 81. The record reflects that Straw then had an opportunity to talk with his counsel, and after doing so, he chose to go forward with the sentencing, knowing that the

trial court was not going to follow the recommended 15-year agreement as to the sentence. Doc. No. 8-4 at 81. In addition, the court then asked Straw:

> THE COURT: I'm just going to ask you this on the record: Has anybody forced you, threatened you, coerced you in any way to go forward? You understand that I am not going to follow that recommended settlement agreement?
> THE DEFENDANT: No, sir. And yes, sir, I do understand.

Doc. No. 8-4 at 82. Thus, even if counsel had not advised Straw that he was free to withdraw his plea, the record demonstrates that the trial court did so advise Straw.[2] After sentencing and again on appeal, counsel advised Straw about the ramifications of withdrawing the plea. Doc. No. 1-1 at 4. Straw argues in his third ground for habeas relief that trial counsel failed to ensure the agreement to a 15-year sentence was honored, Doc. No. 1 at 8, but the trial court never was bound to accept the agreement. In concluding that counsel's performance did not fall below the standard of *Strickland*, the Alabama court did not decide Straw's claims "differently than [the Supreme] Court has [in a case based] on a set of materially indistinguishable facts," and it did not apply a rule that contradicts governing federal law. *Williams*, 529 U.S. at 413; *see Strickland*, 466 U.S. at 697 (petitioner must demonstrate prejudice to show ineffective assistance of counsel). Consequently, rejection of his claims by the Alabama state court was not contrary to actual Supreme Court decisions and did not violate clearly established federal law. In

---

[2] Straw states that his lawyer convinced him to withdraw his appeal because the trial court would correct the sentence. Doc. No. 1 at 9. At the postconviction hearing, however, Straw testified he chose not to pursue a withdrawal of his plea or an appeal after his counsel told him that if he did, she would withdraw as counsel, and if he went to trial she did not think he would win, Doc. No. 8-5 at 99-100, and that he feared facing the more-severe charge of attempted murder, Doc. No. 8-6 at 6.

addition, the decision of the Alabama state court was objectively reasonable and constituted a reasonable determination of the facts in light of the evidence presented to the state courts. *Id.* at 411-13. Thus, Straw is not entitled to relief from this court on his claims of ineffective assistance of counsel. *See* 28 U.S.C. § 2254(d).

### C. Guilty Plea

Straw argues that the prosecutor, trial court, and his counsel misled him into pleading guilty to an agreement requiring him to provide the location of the vehicle in return for a shorter sentence, and after Straw had the vehicle towed to the courthouse, the trial court forfeited the terms of the agreement by refusing to impose the shorter sentence. Doc. No. 1 at 7, 8, 10; Doc. No. 1-1 at 8. Straw also argues that the trial court improperly participated in the plea negotiations and settlement. Doc. No. 1 at 10; Doc. No. 1-1 at 10.

The Alabama Court of Criminal Appeals rejected Straw's claim that his guilty pleas were not made voluntarily. Doc. No. 1-1 at 11-13. The Court of Criminal Appeals quoted extensively from the postconviction trial court's findings, including the trial judge's recitation that he was present at Straw's guilty pleas and counsel was present; that Straw gave the court a signed Explanation of Rights and Plea of Guilty form; that Straw told the court he understood what he signed; that he understood he was pleading guilty, that he did not have to plead guilty and instead could go to trial, and that by pleading guilty he was giving up certain constitutional rights; that Straw knew he could be sentenced up to 20 years in prison; that Straw knew the court had final say as to sentencing and did not have to accept the recommended settlement; that Straw was advised he could withdraw his pleas if the court rejected the recommended sentence; that

14

Straw admitted he was guilty; that there was a factual basis for the pleas; that Straw told the court he was voluntarily pleading guilty and was not forced or coerced into pleading guilty; that the only promise was the recommended settlement between the parties; and that the trial court found the pleas were knowingly, voluntarily, and intelligently made. Doc. No. 1-1 at 4-5, 11-12. The Court of Criminal Appeals recognized that when Straw asked for a sentencing hearing, the postconviction court informed the parties it would allow the victim to testify; that after hearing the victim testify about the circumstances of the crime, the trial court decided not to follow the recommended 15-year sentence; that the court then gave Straw the option to withdraw his plea but Straw voluntarily declined; that Straw had time to talk with his lawyer about withdrawing his plea; that Straw executed an affidavit that Straw did not want to withdraw his plea; that Straw said he had not been forced, threatened, or coerced to go forward with his plea; that Straw knew the court would not follow the recommended sentence; and that no timely motion to withdraw the plea was filed. Doc. No. 1-1 at 5, 11-12. Based on the plea colloquy, Explanation of Rights and Pleas of Guilty form, testimony at the hearing, affidavit attesting to Straw's decision not to withdraw his plea, and the fact that no motion to withdraw was filed, the trial court found "that the pleas of guilty were knowingly, voluntarily and intelligently made with full understanding of the charges and consequences." Doc. No. 1-1 at 5, 13.

Straw has not rebutted by clear and convincing evidence the presumption of correctness given to the Alabama state court determinations of fact, thus this court presumes those determinations of fact are correct. *See* 28 U.S.C. § 2254(e)(1). This court

has reviewed the state court record and concludes the state court rulings in Straw's case were not contrary to, or an unreasonable application of, due process law as determined by the United States Supreme Court, and the decisions were not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *See* 28 U.S.C. § 2254(d); *see also Alford*, 400 U.S. at 31 (holding that a guilty plea is valid if it "represents a voluntary and intelligent choice among the alternative courses of action open to the defendant"). When the state court opted to reject the settlement agreement as to the sentence between Straw and the prosecution, Straw got what he bargained for when he pleaded guilty, that is, a chance to withdraw his plea and face a more severe criminal charge. When Straw pleaded guilty, he swore under penalty of perjury in the Explanation of Rights and Plea of Guilty that he understood the rights he was giving up, and that the sentencing range for his felony conviction was not more than 20 years. Doc. No. 8-4 at 42-44. At the plea proceeding he acknowledged he could be sentenced to not more than 20 years, but he also acknowledged that the trial court did not have to accept the recommended settlement as to the sentence, and Straw would have a chance to withdraw his guilty plea if the court rejected the sentence. Doc. No. 8-4 at 61, 66. Straw told the court that he understood the charges against him, the rights he was giving up, that he was not pleading guilty because of any coercion, threats, or promises, and that he was guilty of the crimes. After observing Straw, the trial court accepted Straw's guilty pleas as made voluntarily, intelligently, and not the result of any force, threat, coercion, or promise, the record supported the court's decision. Doc. No. 8-4 at 67-68. "There is a strong presumption that the statements made [by the defendant] during

the [guilty plea] colloquy are true." *United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994). "[T]he representations of the defendant [during a guilty plea colloquy] as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977). Habeas relief should not be granted by crediting a petitioner's subjective version of his understanding of the terms of his guilty plea. *See Nichols v. Perini*, 818 F.2d 554, 558-59 (6th Cir. 1987). A fairminded jurist could conclude that that Straw's guilty plea was made knowingly, voluntarily, and intelligently. *See Woods*, 136 S. Ct. at 1153 (discussing the deferential standard). Thus, Straw is not entitled to federal habeas relief on his challenge to the guilty plea. *See* 28 U.S.C. § 2254(d).

## V. NO EVIDENTIARY HEARING IS NEEDED

"In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007) (citation omitted). The Court is not required hold an evidentiary hearing on Straw's claims because "the record refutes the applicant's factual allegations or otherwise precludes habeas relief." *Id.*

## VI. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief filed by Petitioner Timothy Dewayne Straw be DENIED and DISMISSED with prejudice.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before **April 14, 2017**.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH C$_{IR}$. R. 3-1.  *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 31st day of March, 2017.

                    /s/Charles S. Coody
                CHARLES S. COODY
                UNITED STATES MAGISTRATE JUDGE